**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **PLAINTIFF** |
| | ) | |
| **VS.** | ) | **No. 4:20CR00246-01 JMM** |
| | ) | |
| **STEVE COKLEY III** | ) | **DEFENDANT** |
| | ) | |

**DEFENDANT'S MOTION FOR VARIANCE AND/OR DEPARTURE FROM THE
SENTENCING GUIDELINES AND ACCOMPANYING SENTENCING
MEMORANDUM**

Comes now the Defendant, Steve Cokley III, by and through his attorney, Lott Rolfe, IV, and for his Motion for Variance and/or Departure with Accompanying Sentencing Memorandum, do state the following:

The Defendant entered a plea of guilty to the charge of Possession of an Unregistered National Firearms Act Firearm under 26 U.S.C. §5861(d), 26 U.S.C. §5871.  The crime is a Class C felony punishable by term of not more than 10 years imprisonment and a fine not to exceed $250,000.00.

According the Presentence Investigation Report, the Defendant's base offense level for this charge is 18 (eighteen).  In paragraph 14, a four point enhancement was added due to allegations that the Defendant possessed the firearm in connection with another felony offense (terroristic threatening).  It is the Defendant's belief that the four level enhancement was in error and is not applicable.  The facts of the case would show that Defendant's offense level should remain at 18 since he did not possess the firearm in connection with another felony offense. With three points off for acceptance of responsibility, the total offense level in Defendant's case should be 15 (fifteen).  With a criminal history category of I (one), it is believed that Defendant's guideline imprisonment range would fall between 18 months and 24 months.  At the present

1

time, the Defendant has been detained in federal custody since September 4, 2020.

(approximately fourteen months).  The Defendant requests that this Court consider his Motion

for a Variance and/or Departure from the Sentencing Guidelines and use its judicial discretion to

sentence the Defendant to time served or probation.

## I.  ARGUMENT

Opinions from the United States Supreme Court have affirmed the authority of the

federal district court to impose a non-guideline sentence as dictated by the facts and the

applicable law of the case at bar.  *Gall v. United States,* 128 S. Ct. 586 (2007).  The Eighth

Circuit Court of Appeals has held that district courts are free to vary from the sentencing

guidelines based on policy disagreements with it.  *United States v. Gray,* 577 F.3d 947, 950 (8th

Cir. 2009).  The United States Supreme Court has even stated that in addition to varying from

Guideline ranges based solely on policy considerations, District Courts have the discretion to

vary if they have disagreements with the Guidelines. *Kimbrough v. United States,* 552 U.S. 85

(2007).  A sentencing court is allowed to consider Guideline ranges, but they are still permitted

to tailor sentences in light of other statutory concerns as well." *United States v. Archuleta,* 412

F.3d 1003, 1006 (8th Cir. 2005) (quoting *United States v. Booker,* 125 S.Ct. 738 757 (2005)).

Considering the factors under 18 U.S.C. 3553(a), the Defendant is requesting that this Court

consider a further variance or departure from the sentencing guidelines and impose a sentence of

time served or probation.

## II.  LENIENCY FACTORS TO CONSIDER

The Defendant is requesting that the Court consider the following in its determination of

her sentence:

(a)     The age of the Defendant;

(b)     His lack of significant criminal history;

(c)     His time of imprisonment while awaiting disposition of this matter;

(d)     Support by Family Members;

(e)     Lack of Formal Education;

(f)     Statements provided by Counsel and Defendant at time of sentencing;

Pursuant to the Guidelines and the calculation in the presentence report, it is believed that the Defendant's guideline range should be 18-24 months.  The Defendant believes that there are mitigating factors, under the 18 U.S.C. §3553(a), that would be beneficial to the Defendant. It is the Defendant's position that the Court has various options, as it relates to sentencing. Mr. Cokely is requesting that the Court consider a more lenient sentence because of his particular circumstances.

The Defendant's legal troubles in this case arose from the volatile relationship with his girlfriend, Jada Bailey, and her family.  Paragraph 33 of the presentence report gives detail to the 4 children that the two of them share together.  Mr. Cokely acknowledges that, for the sake of the children and his freedom, he needs to improve his conduct and develop a better relationship with his family members.

Despite the nature of the familial relationships, there are still requests that the Court show mercy and give a lenient sentence.  Attached to this sentencing memorandum are letters from Jada Bailey, Robert Bailey, and the Defendant.  (See Exhibits).  It should be noted that Mr. Cokely was never charged for any criminal offense relating to Robert Bailey.  Mr. Cokely desires to move on with his life and resolve all of his legal issues as quickly as possible.  An extended federal sentence would create an unnecessary hardship for him and his family.

Mr. Cokely has had a long time to dwell on his actions and the consequences of his conduct. Mr. Cokely believes that justice can be reasonably accomplished with a time served sentence and he agrees that he would follow any conditions that the Court would seek impose along with that.

Because of the above stated reasons, Mr. Cokely requests that this Court use its discretion and sentence him to time served or probation.  It is the Defendant's belief that a time served sentence or probation would be reasonable and would sufficiently meet the necessary factors for the Court to consider under 18 U.S.C. 3553(a).

### III.    CONCLUSION

The Defendant believes justice would be served with a further variance or departure from the guidelines and that it is within the discretion of the Court to do so.  Wherefore, it is respectfully requested that this Court sentence Mr. Cokely to a sentence of time served or probation and that he receive any and all other relief that he may be entitled to under the law.

Respectfully submitted,

Lott Rolfe IV
Lott Rolfe IV (97102)
Attorney for Defendant
1920 North Main, Suite 107
North Little Rock, AR  72114
(501) 604-4530
(501) 975-3824 (fax)
lottrolfe@att.net

### CERTIFICATE OF SERVICE

On this 15th day of November, 2021, I electronically filed the foregoing with the Clerk of the Court, which shall send electronic notification to all counsel of record in this matter.

Lott Rolfe IV

4